# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| JASON FEY and HEATHER FEY, as parents and guardians of E.P.F., | * * * | No. 18-615V Special Master Christian J. Moran |
| Petitioners, | * * | |
| v. | * * | Filed: October 9, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | Entitlement, dismissal |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Kathleen M. Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for petitioners;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

     Jason and Heather Fey filed a petition on behalf of their child, E.P.F., under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa—10 through 34, on May 1, 2018. The petition alleged that an HPV vaccination administered on December 30, 2015, caused E.P.F.'s chronic immune thrombocytopenia purpura ("ITP") to be significantly aggravated. Pet. at 1. On October 2, 2019, the Feys moved for a decision dismissing their petition.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

## I. **Procedural History**

The Feys filed a petition on behalf of E.P.F. on May 1, 2018. The Feys finished filing E.P.F.'s medical records and an expert report from Dr. Shoenfeld (exhibit 7) on June 4, 2018. On June 18, 2018, the Feys filed a statement of completion.

On August 17, 2018, the Secretary filed a status report identifying outstanding medical records. The Secretary also proposed a due date for filing his Rule 4 report and responsive expert report. The Feys filed the outstanding medical records by October 16, 2018. Following several extensions of time, the Secretary ultimately filed his Rule 4 report and responsive expert report from Dr. Strouse (exhibit A) on March 26, 2019. Dr. Strouse opined that Dr. Shoenfeld had not substantiated his proposed molecular mimicry theory and noted the lack of epidemiological evidence. Exhibit A at 2, 3.

In the Rule 4 report, the Secretary opposed a finding of entitlement arguing the Feys had not demonstrated that the clinical course of E.P.F.'s ITP had deviated from its natural course and that E.P.F.'s actual onset was much faster than the onset proposed by Dr. Shoenfeld. Resp't's Rep. at 13-14. In the report, the Secretary stated an intent to file another expert report from an immunologist.

At a status conference on April 22, 2019, the undersigned noted a lack of clarity in Dr. Shoenfeld's opinion on timing and suggested that the Feys file a report addressing the worsening of E.P.F's ITP following vaccination. After the status conference, the Secretary was ordered to file an expert report from an immunologist and the Feys were ordered to subsequently file their expert reports 60 days later. Order, issued, Apr. 23, 2019.

The Secretary filed an expert report from Dr. Tompkins (exhibit C) on July 12, 2019. Dr. Tompkins challenged Dr. Shoenfeld's medical theory and timing of the aggravation of E.P.F.'s ITP. Exhibit C at 12. The Feys' due date for filing their expert reports was then set for September 10, 2019. After receiving an extension of time until October 9, 2019, to file their expert reports, the Feys instead moved for a decision dismissing their petition on October 2, 2019. This matter is now ready for adjudication.

## II.     Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine.  See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa—13(a)(1).  If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.  The Feys do not allege, nor does the record support, that E.P.F. suffered a "Table Injury."  The Feys have alleged a significant aggravation claim.

Despite a supportive statement from one of E.P.F.'s treating doctors, Dr. Messenger, the Feys stated that Dr. Messinger was unwilling to serve as an expert and that their retained pediatric hematologist from Harvard, Dr. Colin Sieff, was unable to support their significant aggravation theory.  The Feys conceded that "they will be unable to prove that they are entitled to compensation in the Vaccine Program."  Pe't'r's Mot. at 2.

Beyond the Feys' concession that this case is not compensable, the record and the Secretary's expert reports in opposition reveal, among other issues, that the Feys' timing prong and the worsening of E.P.F.'s ITP have not been sufficiently developed.  Accordingly, the undersigned finds that the Feys have not demonstrated that the HPV vaccination significantly aggravated E.P.F.'s ITP.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

                                                                    s/Christian J. Moran
                                                                    Christian J. Moran
                                                                    Special Master