# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
JASON FEY and HEATHER FEY, \*
as parents and guardians of E.P.F., \*
\* No. 18-615V
Petitioners, \* Special Master Christian J. Moran
\*
v. \* Filed: March 5, 2020
\*
SECRETARY OF HEALTH \* Attorneys' Fees and Costs
AND HUMAN SERVICES, \*
\*
Respondent. \*
* * * * * * * * * * * * * * * * * * * *

Kathleen M. Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner; Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 24, 2019, petitioners Jason and Heather Fey moved for final attorneys' fees and costs. They are awarded **$45,319.10**.

\* \* \*

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Represented by attorney Kathleen Loucks, Jason and Heather Fey filed a petition on behalf of their child, E.P.F., under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that an HPV vaccination administered on December 30, 2015, caused E.P.F.'s chronic immune thrombocytopenia purpura to be significantly aggravated. Approximately one month after filing their petition, petitioners filed a report from Yehuda Shoenfeld, an immunologist well-known in the Vaccine Program.

The Secretary responded by filing a report from John Strousse, who is a pediatric hematologist. Exhibit A. Later, the Secretary added a report from S. Mark Tompkins, who earned a Ph.D. in immunology. Exhibit C. Both experts challenged Dr. Shoenfeld's opinion.

To reply, petitioners attempted to obtain an opinion from a pediatric hematologist. They consulted Colin A. Sieff. However, Dr. Sieff could not provide a supportive opinion. See Fees App. at 3.

On October 2, 2019, petitioners moved for a decision dismissing their petition, and on October 9, 2019, the undersigned issued his decision dismissing the petition for insufficient proof.

On October 24, 2019, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $34,874.50 and attorneys' costs of $17,563.33 for a total request of $52,437.83. Fees App. at 1. Pursuant to General Order No. 9, petitioners state that they did not personally incur any costs related to the litigation of this matter. Fees App. Ex. 4. On November 7, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioners did not file a reply thereafter.

\*   \*   \*

Petitioners who have not been awarded compensation are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C.§300aa—15(e)(1).

Respondent agrees that the statutory requirements for an award of attorneys' fees and costs have been met in this case.  Response at 4.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request the following rates for the work of their counsel, Ms. Kathleen Loucks: $340.00 per hour for work performed in 2016, $349.00 per hour for work performed in 2017, $358.00 per hour for work performed in 2018, and $360.00 per hour for work performed in 2019. Fees App. at 5. These rates are reasonable and in conformance with what the undersigned has awarded Ms. Loucks for her work in the past. See Reed v. Sec'y of Health & Human Servs., No. 17-352V, 2019 WL 7494953 (Fed. Cl. Spec. Mstr. Nov. 25, 2019).

3

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds that a small reduction is necessary due to an excessive amount of paralegal time billed on certain tasks, such as preparing *pro forma* documents such as notices of filing documents, updating exhibit lists, and filing documents. Additionally, paralegals frequently billed time for clerical tasks, such as bates stamping exhibits, or otherwise "preparing exhibits for filing", which the undersigned notes is also a vague description of work which makes it difficult to determine what work is actually being performed. While each of these events is small when viewed in isolation, the undersigned has noticed multiple occasions of each issue throughout the totality of the billing records. Thus, in order to achieve "rough justice" the undersigned will reduce the final award of fees by five percent. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). Accordingly, petitioners are awarded final attorneys' fees of **$33,130.77**.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners request a total of $17,563.33 in costs. Of this amount, $1,863.33 concerns the cost of acquiring medical records and medical literature, and the Court's filing fee. Petitioners have provided adequate documentation to support these costs and they appear to be reasonable in the undersigned's experience.

The bulk of the requested costs ($15,700) derives from work performed by Dr. Shoenfeld and Dr. Sieff. Reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013).

Dr. Sieff has requested compensation for 8 hours of work at a rate of $400 per hour.  Fees App. at 216.  The requested amount, $3,200, is reasonable.[2]

However, the amount Dr. Shoenfeld requests is not reasonable.  Dr. Shoenfeld has charged $500 per hour, which is an amount that he typically charges and is usually appropriate.  Dr. Shoenfeld's expertise in immunology certainly provides a basis for compensating him at this rate in which immunology is in issue.  But, for this case, the more relevant field was pediatric hematology.  From the beginning of the case, Ms. Loucks recognized that a pediatric hematologist would be useful.  See Fees App, exhibit 3 (timesheet) entries for Sep. 9, 2016; Jan. 27, 2017; March 15, 2017; April 10, 2017 (meeting with treating pediatric hematologist); and Jan. 2, 2018.

Furthermore, Dr. Shoenfeld's lack of specialized experienced in pediatric hematology seems to have contributed to the incompleteness in his first report.  Although the petition alleged a significant aggravation and Dr. Shoenfeld recognized that EPF was diagnosed with chronic immune thrombocytopenia in 2006, years before the vaccination, Dr. Shoenfeld's analysis addresses only the Althen factors for a causation-in-fact case, not the Loving factors for a significant aggravation case.  See exhibit 7.  Thus, $500 per hour for Dr. Shoenfeld's work in this case may be too high.

For the other component of the lodestar formula, a reasonable number of hours, Dr. Shoenfeld's request is certainly too high.  Dr. Shoenfeld has prepared a minimal invoice, consisting of only two lines for a total of 25 hours.  This brevity is not acceptable.  See Caves, 111 Fed. Cl. at 781-83; Morse v. Sec'y of Health & Human Servs., 89 Fed. Cl. 683 (2009).  Dr. Shoenfeld's report was essentially seven pages, excluding his signature and bibliography.  Some of this report seems similar to, if not exactly the same as, reports Dr. Shoenfeld has written in other cases.  The lack of detail makes it difficult to understand how Dr. Shoenfeld spent roughly thrice as much time as Dr. Sieff.

Thus, to accomplish "rough justice," the undersigned finds that $7,125.00 is a reasonable amount of compensation for Dr. Shoenfeld's work in this case.  The total reasonable amount of costs is $12,188.33.

---

[2] In the future, Dr. Sieff should include the date he performed various tasks.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$45,319.10** (representing $33,130.77 in attorneys' fees and $12,188.33 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Ms. Kathleen Loucks.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.